UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

----------------------------------------------------------------X
                                                                :
MALIBU MEDIA, LLC,                                              :
                                                                :   Civil Action No. 3:15-cv-00040-TMR
                        Plaintiff,                              :
                                                                :
            vs.                                                 :
                                                                :
JOHN DOE subscriber assigned IP address                         :
65.28.229.199,                                                  :
                                                                :
                        Defendant.                              :
                                                                :
----------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER**

**I.      INTRODUCTION**

Plaintiff respectfully submits the following response to the Court's order to show cause. In order to file a copyright infringement law suit, Plaintiff must show that its works are federally registered with the United States Copyright Office and that Plaintiff is the owner of the works. Here, Plaintiff has always been the owner of the works because it is the author of the works through a work for hire agreement. Pursuant to the Copyright Act, in order to receive statutory damages and attorneys' fees, which Plaintiff has pled that it is entitled to here, the registrations must have been issued either prior to the infringement of the works, or within three months of first publication of the work. The Court should not dismiss Plaintiff's complaint because (1) all of Plaintiff's works are registered with the United States Copyright Office; (2) Plaintiff is the author of the work and therefore has always been the rightful owner regardless of when the work was registered; and (3) all of Plaintiff's works were registered within the first three months of publication.

1

II. ARGUMENT

    A. <u>Plaintiff's Works Are Registered with the United States Copyright Office and Demonstrate A Prime Facie Claim of Ownership</u>

In order for a copyright holder to file a copyright infringement lawsuit, it must have federal registration of the work(s). *See* 17 U.S.C. § 411(a) ("No civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title.")  Once registration is achieved, to state a *prima facie* claim for infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Here, all of Plaintiff's works are federally registered and Plaintiff's Complaint states a *prima facie* claim for relief. Exhibit C to the Complaint, CM/ECF 1-3, lists screen shots of the copyright registrations from the United States Copyright Office. Because Plaintiff has valid registrations for each of its works, as evidenced by Exhibit C, it is entitled to sue for infringement.

    B. <u>Plaintiff is the Owner of the Copyrights In the Works Since Inception Through a Work For Hire Agreement</u>

Plaintiff obtained ownership in its works upon inception of each work. This is because Plaintiff is the author of the work through a "work made for hire." *See* CM/ECF 1-3 (Each copyright registration lists Malibu Media as "employer for hire" under "authorship on application.") "Initial ownership of a copyright vests in the author or authors of the work, or, in the case of a work made for hire, in the employer or other person for whom the work was prepared, who is considered to be the author." *BancTraining Video Sys. v. First Am. Corp.*, 956 F.2d 268 (6th Cir. 1992). "[Plaintiff's] filing of a certificate of registration creates a rebuttable

presumption of the validity of a copyright and of the facts contained in the ownership certificate." *Mid-S. Inst. of Self Def. Shooting, Inc. v. Habermehl*, 221 F.3d 1335 (6th Cir. 2000). Plaintiff has been the owner of the works in this suit since inception as the author. Although in some cases its registrations were made after the date of infringement, the facts included on the registration – namely that it obtained ownership as an author when the copyright vested as an "employer for hire" – are a presumption of validity to the fact that Plaintiff has always been the owner of the works.

    C.  <u>Plaintiff Is Entitled to Statutory Damages and Attorney Fees Because All of the Works Were Registered Within Three Months of Publication</u>

"17 U.S.C. § 412 allows damages to be received for copyright infringement, so long as the registration for the copyright occurs <u>within three months of the publication of a work</u>. Because the [plaintiff] registered within this period, it is not blocked from receiving damages by the fact that it did not file for the copyright until after [defendant infringed]." *Nat'l Rifle Ass'n of Am. v. Handgun Control Fed'n of Ohio*, 15 F.3d 559, 560 (6th Cir. 1994) (emphasis added). "Congress … enacted 17 U.S.C. § 412(2), which effectively authorizes an award of statutory damages and attorneys fees in connection with an infringement that occurs before registration so long as registration 'is made within three months after the first publication of the work.'" *RPM Mgmt., Inc. v. Apple*, 943 F. Supp. 837, 840 (S.D. Ohio 1996)*; see also Keogh v. Big Lots Corp.*, No. 3:04-00738, 2006 WL 1129375, at *3 (M.D. Tenn. Apr. 27, 2006) ("Under the Copyright Act, a plaintiff may not recover statutory damages for willful "infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after first publication of the work.")

17 U.S.C. § 412's three month grace period was created because "Congress … saw a need to accommodate the exceptional situation of 'newsworthy or suddenly popular works which

3

may be infringed almost as soon as they are published, before the copyright owner has had a reasonable opportunity to register his claim.'" *RPM Mgmt., Inc. v. Apple*, 943 F. Supp. 837, 840 (S.D. Ohio 1996). Here, Malibu Media's works are infringed almost immediately after publication, like all popular and sought after entertainment on the Internet today. Indeed, once a movie or music file is released publically, because of the ease of copying, infringement immediately runs rampant. Malibu Media files suits like the one before this Court in an attempt to stop the mass and immediate infringement on the Internet and deter others from illegally distributing its works. And, its attorneys attempt to register the copyrights as soon and quickly as possible. However, Malibu Media is a perfect example of why the grace period in 17 U.S.C. § 412 was created – its works are suddenly popular and quickly sought after and infringed.

Plaintiff has presented a *prima facie* case of ownership because it has a registered copyright in all of its works through a work made for hire. Further, it is entitled to recover statutory damages and attorneys' fees for all infringements in this case because all of the works which were infringed prior to registration, were registered within three months of first publication. Thus, all of the works fall within the statutory three month grace period.

### III. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests the Court allow Plaintiff's case to proceed and not dismiss its Complaint.

Dated: April 9, 2015

4

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Yousef M. Faroniya*

5